

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

AUG 1 0 2006

JAMES W. McCORMACK, CLERK
By:_____
                    DEP CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
LITTLE ROCK DIVISION

LARRY MORRIS, SR., ON HIS OWN BEHALF
AND AS ADMINISTRATOR OF THE ESTATE
OF VIRGINIA MORRIS                                        PLAINTIFF

VS.                                   CASE NO. 4-05-CV-1121 GTE

CRAIG BARDELL, M.D., CORRECTIONAL
MEDICAL SERVICES, INC., AND CHERRY
PIGG, R.N.                                               DEFENDANTS

## CONSENT PROTECTIVE ORDER

Discovery sought by the plaintiff in the above captioned case will involve the production of the personnel files of defendants Craig Bardell, M.D., and Cherry Pigg, R.N. ("the Subject Documents"). The defendants believe information contained in the Subject Documents is confidential or proprietary. The parties agree that the Subject Documents should not be available to the public or anyone other than the Court and counsel.

WHEREFORE, IT IS HEREBY ORDERED that, for good cause shown, pursuant to Rules 26(c) and 29 of the Federal Rules of Civil Procedure, the Subject Documents shall be disclosed only in the manner designated below:

1.   The Subject Documents are designated as confidential and are subject to this protective order.

2.   The Subject Documents shall be disclosed only to counsel for the parties in this action, and counsel shall disclose the Subject Documents only to individuals employed or retained by them who are assisting them in the preparation of this action for trial. The Subject Documents shall be utilized solely in the present action.

3.      Any person assisting counsel in the preparation of this action for trial, including but not limited to persons consulted as expert witnesses, shall be informed of the terms of and shall be deemed bound by this protective order.

4.      Counsel for all parties and those persons assisting said counsel shall agree not to reproduce, photograph, or copy in any way any of the Subject Documents except to the extent necessary for preparation of this case for trial.

5.      Should counsel for any party desire to use the documents or information within the scope of this protective order during the course of pretrial or appeal proceedings, all portions of the deposition, hearing, or trial transcript referring to the information that is within the scope of this protective order, or any documents within the scope of this protective order, shall be filed under seal and be accorded confidential treatment as provided by the terms of this protective order. Counsel for the parties shall exercise all reasonable care to avoid needless disclosure of information and documents within the scope of this protective order.

6.      Any portion of any deposition transcript containing reference to information gleaned from the Subject Documents, and which is not available from other sources, shall be treated in the same manner as the Subject Documents described in this protective order.

7.      If, in connection with any motion, hearing, or other proceeding before the Court, any party intends to file a brief, memorandum, affidavit or other paper or any documents, exhibits or other materials that reveal or may reveal information contained in the Subject Documents, which is not available from other sources, the materials filed with the Court shall be submitted in a sealed envelope marked "Confidential". Such materials, including the copies filed with the Court and served upon other parties, shall bear upon their face the designation "Confidential".

2

8.     In the event the Subject Documents and portions of transcripts within the scope of this protective order are deposited with the clerk of this Court, they shall be filed under seal in an envelope bearing the following designation:

<u>CONFIDENTIAL</u>

IN ACCORDANCE WITH A PROTECTIVE ORDER OF THE COURT THE CONTENTS OF THIS ENVELOPE SHALL BE TREATED AS CONFIDENTIAL AND MUST NOT BE SHOWN TO A PERSON OTHER THAN ATTORNEYS IN THIS CASE, TO PERSONS ASSISTING THOSE ATTORNEYS, TO THE COURT OR TO COURT PERSONNEL.

9.     The execution of this Protective Order shall not be construed as an agreement by the defendants to produce any documents or provide any information and shall not constitute an admission by the defendants that any documents or information which may exist are relevant in any way to the issues raised in this lawsuit.

10.    The execution of this Protective Order is not a waiver by the defendants of any privilege or immunity with respect to any document or information.

11.    Defendants specifically reserve the right to seek such further protective orders from this Court as they deem necessary.

12.    The provisions of this Protective Order shall apply to pretrial proceedings and to the material produced in pretrial discovery but shall not affect the conduct of the trial in this matter. Nothing here shall preclude any party from making an application to the Court concerning the handling or treatment of Subject Documents produced pursuant to this Protective Order at the trial in this action.

13.    Following the completion of this case, all copies of the Subject Documents in the possession of any party to this lawsuit, in the possession of any experts utilized by the parties to

3

this lawsuit, or in possession of any other employee or agent of any party to this action, shall be returned to counsel for the defendants within thirty (30) days at the following address:

> Bowen Law Firm, PLLC
> 101 South Spring Street
> Suite 420
> Little Rock, AR 72201

The costs of shipping the Subject Documents to the above address will be the responsibility of the parties to this lawsuit.

14. The obligations of this Protective Order shall survive termination of this action and the Court shall have jurisdiction over the parties to enforce this Protective Order after termination of this action.

IT IS SO ORDERED, this 10th day of August, 2006.

_____
U.S. District Judge

APPROVED AS TO FORM:

_____
John Hardy, Attorney for the Plaintiffs

_____
Bettina Brownstein
Attorney for Craig Bardell, M.D., Defendant

_____
Martin W. Bowen
Attorney for CMS and Cherry Pigg, R.N

4